| | | |
|---|---|---|
| ANNA MARIE FOSTER<br>857 West Lombard Street<br>Apartment 1<br>Baltimore City, MD. 21202 | *<br><br><br>* | IN THE CIRCUIT COURT FOR<br><br>BALTIMORE COUNTY, MARYLAND |
| | *<br>*<br>*<br>*<br>* | CIVIL NO.:   C-03-CV-21-003440 |
| | * | |
| | *<br>* | |
| | * | |
| Plaintiff | * | |
| V. | * | |
| STATE OF MARYLAND<br>TREASURER'S OFFICE<br>Nancy K. Kopp<br>MD State Treasurer<br>80 Calvert Street<br>Annapolis , MD 21401 | * | |
| AND | * | |
| BALTIMORE COUNTY , MD<br>COUNTY EXECUTIVE<br>JOHN A. OLSZEWSKI<br>400 Washington Avenue<br>Historic Courthouse ,<br>Mezzanine<br>Towson, MD 21204 | * | |
| | *<br>* | |

1

**ATTACHMENT 25, PAGE 1 of 16**

|  |  |
|---|---|
|  | * |
| AND |  |
|  | * |
| BALTIMORE COUNTY ,MD | * |
| BALTIMORE COUNTY SHERIFF'S | * |
| OFFICE |  |
| R. Jay Fisher , Sheriff |  |
| County Courts Building |  |
| Ground Floor |  |
| 401 Bosley Avenue |  |
| Towson, MD 21204 |  |
|  | * |
|  | * |
| AND |  |
|  | * |
| Morton Stanley Winkler, Jr. |  |
| Baltimore County Sheriff |  |
| Baltimore County Sheriff's Office |  |
| Ground Floor |  |
| 401 Bosley Avenue |  |
| Towson , MD 21204 |  |
|  | * |
| AND |  |
|  | * |
| John Doe | * |
| Baltimore County Sheriff |  |
| Baltimore County Sheriff's Office |  |
| Ground Floor |  |
| 401 Bosley Avenue |  |
| Towson , MD 21204 |  |
|  | * |
| AND |  |
|  | * |
| Jane Doe |  |
| Baltimore County Sheriff |  |
| Baltimore County Sheriff's Office |  |
| Ground Floor |  |
| 401 Bosley Avenue |  |
| Towson, MD 21204 |  |
|  | * |
| Defendants |  |
|  | * |

**ATTACHMENT 25, PAGE 2 of 16**

## COMPLAINT

1. The Plaintiff, Anna Marie Foster by and through her attorneys, Loyd Byron Hopkins and Loyd B. Hopkins, P.C., and pursuant to MD Rules 2-101 et seq., files this Complaint and states:

## JURISDICTION

2. This action and complaint arose out of events that occurred in Baltimore County Court system, Baltimore County, Maryland.

3. This action is brought pursuant to the Maryland Declaration of Rights, 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon the situs of the claims and their nature and the aforementioned constitutional and federal statutory provisions. Plaintiff further invokes the concurrent jurisdiction of the Maryland State Courts to hear and decide State and Federal claims arising out of the law of the State of Maryland and the United States Constitution.

4. Notice of Claim was made and served upon Baltimore County Sheriff's Department, Baltimore County Maryland, the Baltimore County Executive, and the State of Maryland in accordance with the Maryland Local Government Tort Claims Act, and Maryland Tort Claims act.

## INTRODUCTION

5. This Complaint contains a recount of a sexual assault, rape, second degree assault and civil rights violations based in 42 USC 1983. Plaintiff is seeking damages for a 11/18 2018 incident from 6 separate defendants based upon a number of different causes of action.

6. Accordingly, this Complaint has consolidated the Plaintiff and Defendants, respectively, and broken down the Counts by cause of action and incident, which yields approximately 10 separate counts.

7. The incident is based upon an in custody assault and rape, so consent is impossible, and was done under the color of law, while the Wrongdoers were conducting State and County actions in uniform.

## PARTIES

8. Plaintiff, Anna Marie Foster is an adult female, who was in both Maryland State and Baltimore County and the Baltimore County Sheriff's custody pursuant to an order of the Baltimore County Court. in Baltimore County, Maryland.

9. Defendant, State of Maryland overseas the State court system and is responsible for it's employees/agents doing the work/ business of the State of Maryland at all times relevant to this complaint and is still at the present time.

10. Defendant, Baltimore County Maryland is run by its County Executive . Baltimore County MD is responsible for its court system, prisoners in custody inside the court and in its custody and is responsible for its agents/ employees doing its business, at all times of the events in this Complaint.

11. Defendant , Baltimore County Sheriff's Department is directly responsible for security in the Baltimore County Courts, and is directly responsible for prisoners/ persons in it's custody and agent/ employees sheriffs doing its business, at all times relevant to this complaint and is still at the present time.

12. Defendant , Morton Stanley Winkler, Jr. was/is a Baltimore County Sheriff and an employee / agent of Defendants , Baltimore County, MD, Baltimore County Sheriff's Department, and/or Defendant State of Maryland, at all times relevant to this Complaint.

13. Defendant, John Doe is/was a Baltimore County Sheriff and was an employee / agent of Defendants, Baltimore County, MD, Baltimore County Sheriff's Department, and/or the State of Maryland, at all times relevant to this Complaint.

14. Defendant Jane Doe was/is a Sheriff and is an employee / agent of Defendants Baltimore County , MD, Baltimore County Sheriff's Department and /or the State of Maryland , at all times relevant to this Complaint.

## STATEMENT OF FACTS

15. On or about November 18, 2018 Plaintiff was a defendant in a criminal case , an admitted drug addict, and was in the custody of the State of Maryland, Baltimore County Sheriff's Department, and Baltimore County , MD in the Baltimore County Court system in Towson , MD, awaiting a hearing before a Judge of the Baltimore County Court system. While being transported back from her court hearing, Defendant Morton Stanley Winkler, Jr. , a uniformed Baltimore County Sheriff , starting making inappropriate sexual comments to Plaintiff, while she was handcuffed and in the custody of the Baltimore County Sheriff's Department. On the way to the holding cell inside the courthouse, Defendant Winkler said under color of State law " Do you like black dick?", "Are you pregnant", at the time other Baltimore County Sheriff's John Doe and/or Jane Doe told Plaintiff that Defendant Winkler was trouble and to " stay away from him". When Defendant Winkler arrived with Plaintiff at the holding cell, Winkler said Plaintiff was making him "aroused" , Defendant Winkler while Plaintiff was handcuffed, put his hands down Plaintiff's pants and  "fingered" her vagina . Defendant Winkler had his fingers inside Plaintiff's vagina repeatedly for around 2 minutes. Defendant Winkler then

4

remarkably told Plaintiff that but for the cameras , he would have put his penis inside her. Defendant Winkler satisfied left Plaintiff violated in her cell. Plaintiff told a CO or commanding officer in the sheriff's department about the sexual assault and rape. A Ms. Davis. ( a believed female Baltimore County Sheriff) . Based upon information and belief. Ms. Davis notified proper authorities, at some point DNA evidence from Defendant Winkler was recovered from Plaintiff's body and an investigation was conducted which led to the arrest and criminal charge of 2 degree rape being lodged against Defendant Winkler. Defendant Winkler is believed to be going to criminal jury trial on October the 18th 2021 on these charges. All events occurred in Baltimore County , MD. Again a Tort claims notice was provided to all Defendants.

16. All Defendants, pursuant to Maryland Law, their contractual obligations, professional obligations and morally and ethically, had a duty and obligation not to assault or threaten or rape Plaintiff under their care and supervision, and custody and owed / had a duty and obligation, legally and ethically, to report any alleged or suspected assaults/ rape to appropriate authorities.

17. The rape and assaults alleged in this complaint, committed by the Defendants, was not reported pursuant to their legal and ethical duty and obligation, and constitute a breach of those legal duties and obligations, although a Good Samaritan(Ms. Davis) in the Sheriff's Department did report the incident.

18. All Defendants, pursuant to Maryland Law, their contractual/professional obligations, and morally and ethically, had a duty and obligation to provide the Plaintiff under their care and custody with medical attention following the sexual assaults, physical assaults and digital rape.

19. Defendants did not give Plaintiff any medical care and/or attention after the alleged abuse and assaults and rape that occurred in this incident in this complaint, again in breach of Defendants' legal duties and obligations, although a Good Samaritan ( Ms. Davis) from the Baltimore Sheriff's Department did report the incident.

**COUNT I**
**NEGLIGENT HIRING, RETENTION, OR SUPERVISION**
(Plaintiff V. Defendants )

20. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 19.

21. A Contractual and/or Professional employment relationship existed between Defendants , State of Maryland , Baltimore County, MD, Baltimore Sheriff's Department and

Defendants Winkler, and Jane and John Doe.

22. An employment relationship existed between Defendants.

23. Defendants Winkler, John and Jane Doe owed/had duty of ordinary care and supervision of Plaintiff pursuant to their employment with Defendants, and Defendants' acts or omissions proximately caused Plaintiff's injuries in breach of Defendants' duties and employment, as sheriff's when John /Jane Doe allowed Defendant Winkler to sexually assault and rape Plaintiff and did nothing to stop him despite knowledge that Winkler was a clear and present danger to Plaintiff.

24. Defendants State of Maryland, Baltimore County, MD, and Baltimore County Sheriff's Department knew or should have known by the exercise of diligence and reasonable care and supervision that Defendants Winkler, John and Jane Doe were capable of inflicting harm of the type described throughout this Complaint.

25. That Defendants State of Maryland , Baltimore County Maryland and /or Baltimore County Sheriff's Department failed to use proper care in selecting, supervising and/ or retaining Defendants Winkler, John and Jane Doe. Moreover , the agent employees monitoring the Sheriff's and court system cameras were negligent in their job.

26. Defendants Winkler, John and Jane Doe were negligent and/or their conduct was intentional and malicious on November 18, 2018, by permitting and committing physical and emotional harm to the Plaintiff via sexual assaults, rape , 2 degree assault and 1983 civil rights violations.

27. Defendants State of Maryland , Baltimore County Sheriff's Department and Baltimore County, Maryland had actual or constructive knowledge of the negligence, incompetence, and intentional acts of the employees / agents to perform the tasks required of them, and had actual and/or constructive knowledge of prior complaints regarding their employees and their treatment and assaultive behavior towards people in their custody.

28. Defendants State of Maryland, Baltimore County, Maryland and/or Baltimore County Sheriff's Department had a duty to use reasonable care in hiring or retaining and supervision of competent employees / agents who were fit for the work assigned to them.

29. Defendants State of Maryland , Baltimore County , Maryland and /or Baltimore County Sheriff's Department breached their duty to use reasonable care in hiring or retaining and or Supervising competent employees / agents who were fit for the work assigned to them.

30. Defendants' State of Maryland, Baltimore County, Maryland and/or Baltimore County Sheriff's Department breach of duty and care proximately caused Plaintiff's injuries.

31. Defendants Morton Stanley Winkler, Jr. , John and Jane Doe's conduct caused Plaintiff physical and emotional harm.

32. As a direct and proximate result of Defendants' conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demand a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Plaintiff v. Defendants)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32.

34. The actions of Defendant Morton Stanley Winkler, Jr of physical assaults, rape, sexual assault, verbal threats of violence and intimidation, and failure to report the abuse and assaults were intentional, reckless; extreme and outrageous, as well as malicious, causing severe emotional distress to Plaintiff, and aggravated Plaintiff's pre-existing psychological and psychiatric conditions for which Plaintiff was receiving therapy, counseling, and medication. To be specific, Plaintiff had previously been raped before the 11/18/18 incident and was a recovering drug addict and these conditions were severely aggravated. Moreover, Winkler's deplorable actions were on the job, while uniformed and under the color of State law, violating Plaintiff's bodily integrity and her civil rights.

35. Defendants Winkler conduct caused Plaintiff physical and severe emotional harm, and Winkler's employers the other named defendants are vicariously liable for the conduct of their employee, during the course of his employment.

36. As a direct result and proximate result of Defendant's conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages and severe emotional distress.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT III
## ASSAULT AND BATTERY
(Plaintiff v. Defendants )

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36.

38. Defendants Winkler and his employers, the other named Defendants, who are vicariously liable for the acts of their employees while on the job and in uniform

7

intentionally, unlawfully and without provocation, threatened to physically harm Plaintiff and sexually assaulted and raped Plaintiff and physically harmed Plaintiff without her consent, causing significant and reasonable fear of physical and mental injuries, and caused physical injury to her.

39. Defendants' conduct caused Plaintiff physical and emotional harm and was reckless, gross and intentional and malicious.

40. As a direct result and proximate result of Defendants' conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT IV
## FALSE IMPRISONMENT
(Plaintiff v. Defendants)

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40.

42. Defendant Winkler intentionally, unlawfully and without provocation, restricted the Plaintiff's freedom of movement, for the express purpose of physically assaulting her, sexually assaulting her and raping her. Plaintiff was fully aware of her restriction of movement and freedom, and her restriction of movement and freedom was without her consent, causing significant and reasonable fear of physical and mental injuries, and did so. Moreover, despite Plaintiff's in custody status there was no lawful purpose behind the restriction of movement other then to give Defendant Winkler the opportunity to rape and sexually assault Plaintiff.

43. Plaintiff had no opportunity for escape nor was allowed any opportunity to leave or escape Defendant's unlawful restriction of Plaintiff's freedom.

44. Defendant Winkler's conduct caused Plaintiff physical and emotional harm and was intentional and malicious, and the other named defendants as Winkler's employers are vicariously liable for Winkler's actions while on the job and in uniform.

45. As a direct result and proximate result of Defendants' conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT V
## NEGLIGENCE
(Plaintiff v. Defendants)

46. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45.

47. Defendants State of Maryland, Baltimore County, MD, and Baltimore County Sheriff's Department were employers of Defendant Morton Stanley Winkler, Jr. and John and Jane Doe.

48. Defendants State of Maryland, Baltimore County Maryland, Baltimore County Sheriff's Department and Defendants Winkler, John and Jane Doe owed/had a duty to Plaintiff to operate, supervise, and maintain people in custody with ordinary care to avoid injuring persons in their custody and provide for safety of those individuals entrusted in their care and control.

49. Defendants State of Maryland, Baltimore County Md, and Baltimore County Sheriff's Department breached that duty to Plaintiff by allowing Defendants' employees / agents in assaulting, sexually assaulting Plaintiff, engaging in rape against Plaintiff and threatening her, by refusing the Plaintiff medical attention, and by endangering the health and welfare of the Plaintiff, and in failing to properly train and supervise Defendants' agents / employees, and in failing to take corrective action against Defendants' agents / employees for prior acts and pattern assaultive conduct by Defendants agents / employees against people in their control at Baltimore County Court proceedings for which Defendants had actual and/or constructive knowledge of the prior abuse and assaults of people by Defendants' employees / agents. Defendants further fostered an atmosphere and environment conducive to and condoning violence against women. Point in fact Defendant Winkler was known to his employees as an abusive rapist to the extent that defendants John and Jane Doe were well aware of his activities and advised Plaintiff of the same.

50. Defendants individual and collective conduct caused Plaintiff physical injury, emotional trauma, and mental anguish, to Plaintiff, and great inconvenience with no negligence attributable to Plaintiff.

51. As a direct result and proximate result of Defendants' negligence, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT VI

9

## RESPONDEAT SUPERIOR
(Plaintiff v. Defendants )

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51.

53. Defendants Morton Stanley Winkler, Jr., and John and Jane Doe were employed by, or acted as the agents of, Defendants State of MD, Baltimore County, MD and/or the Baltimore County Sheriff's Department at all times relevant to this Complaint.

54. Defendants, State of MD, Baltimore County, MD and Baltimore County Sheriff's Department selected and engaged Defendants Morton Stanley Winkler, Jr., John and Jane Doe in their employment.

55. Defendants State of MD, Baltimore County, MD and /or Baltimore County Sheriffs paid Defendants Morton Stanley Winkler, Jr, and John and Jane Doe wages for their work as Sheriffs, including the supervision, and well-being of people placed by Defendants' State of Maryland, Baltimore County, MD and Baltimore County Sheriffs under the Defendants' care and control.

56. Defendants Winkler and John and Jane Doe acted officially in their from their engagement, by Defendants, wore uniforms and acted with the apparent authority of all named Defendants.

57. Defendants State of MD, Baltimore County, MD and/or Baltimore County Sheriffs Department had control over the conduct of Defendants Winkler, John and Jane Doe.

58. Defendants most notably Winkler, but John and Jane Doe committed the acts or omissions complained of in this Complaint, either negligently or intentionally, causing injuries and damages to Plaintiff.

59. Defendants Winkler, and John and Jane Doe committed these acts or omissions within the scope of their employment, were performing services for which they had been engaged, or were acting in furtherance of Defendants State of MD, Baltimore County, MD and/or Baltimore County Sheriff's Department interests.

60. The injuries sustained by the Plaintiff was a result from caretaking that was negligently carried out by Defendants Winkler, John and Jane Doe and was the kind of work they were employed to perform by Defendants State of MD, Baltimore County, MD, and/or Baltimore County Sheriff's Department.

61. That Defendants, State of MD, Baltimore County, MD and Baltimore County Sheriff's Department were negligent and/or reckless in hiring, retaining, training, and supervising Defendants Winkler and John and Jane Doe, and are vicariously liable for the actions of their agent/ employees while on the job, in furtherance of Defendant's business and in uniform carrying Defendant's apparent authority.

62. The conduct in which Defendants Winkler, John and Jane Doe engaged in as Sheriffs for persons in their control and custody is a non-delegable duty.

63. Defendant Winkler purported to act or to speak on behalf of the State of MD, Baltimore County, MD and/or Baltimore County Sheriff's Department and there was reliance by Plaintiff upon apparent authority.

64. Defendant Winkler was aided in accomplishing the tortious wrong, sexually assaults, and rape to Plaintiff by the existence of the agency relationship between Defendants State of MD, Baltimore County, MD and/or Baltimore County Sheriff's Department.

65. That transporting persons in their custody to and from court and to and from holding cells was the kind of work that is commonly done by employees / agents of the Baltimore County Sheriff's Department and the State of MD.

66. As a direct result and proximate result of Defendants Winkler's notorious and outrageous conduct, Plaintiff suffered physical and emotional abuse and harm, was raped and sexually assaulted while in custody under the color of law.

67. As a direct result and proximate result of Defendants Winkler, John and Jane Doe's negligent and/or intentional and malicious conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT VII
### VIOLATION OF CIVIL RIGHTS, 42 U.S.C.§1983
(Plaintiff v. Defendants)

68. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67.

69. At all times material to this Complaint, the Defendants acted under color of the laws, statutes, ordinances, customs, usages, practices, and policies of the State of Maryland, County of Baltimore and Maryland Baltimore County Sheriff's Department.

70. Defendants' actions violated the Plaintiff's Rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Maryland Constitution.

71. Defendants' actions were deliberately indifferent to the clearly established Rights of the Plaintiff, and were intentional and/or grossly negligent and malicious, and created and fostered an atmosphere and environment conducive to and condoning violence against

women and violating their civil rights. Defendant Winkler, was in uniform and was acting under of color of law, Maryland State and Baltimore County when Winkler, falsely imprisoned Plaintiff, sexually assaulted her, and raped her against her will, civil rights and rights to privacy and personal integrity.

72. As a direct result and proximate result of Defendants' conduct, Plaintiff was caused to suffer $100,000,000 (one hundred million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiff demand a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT VIII
## PUNITIVE DAMAGES
(Plaintiff V. Defendants )

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72.

74. Defendants intentionally, unlawfully and without provocation, threatened to physically harm Plaintiff, and did physically her , without her consent, causing significant and reasonable fear of physical and mental injuries, and sexually assaulted her and raped her while in custody and unlawfully under color of law.

75. Defendants intentionally, unlawfully and without provocation, harmfully sexually assaulted Plaintiff and made an offensive touching, and Defendant Winkler , violated Plaintiff without her consent , putting his fingers in her vagina, causing significant physical and mental injuries, as well as verbally threatened Plaintiff with physical harm to her, and appeared to have the present ability to make good and carry out his threats of violence, while he falsely imprisoned her and raped her.

76. Defendants' conduct caused Plaintiff physical and serve and great emotional harm.

77. Defendants' actions, assaults, rape , threats of violence, and non-reporting of assaults , and the failure to supervise Defendants employees / agents for their intentional and wanton and willful conduct of the Defendants' personnel, Defendant owners / operators, in failing to report the abuse, and in failing to take corrective action against employees / agents despite having actual and/or constructive knowledge of the history of abuses and assaults against women at Defendant, thereby creating an atmosphere condoning violence against women, and in allegedly attempting to cover up the abuse and assaults are egregious, malicious, and warrant punitive damages, and Defendants, as a result of their Respondeat superior relationship to Defendant Winkler and other employees / agents and their general negligence and negligent retention, supervision, and hiring of Defendant Winkler and other employees / agents, are liable for punitive damages. The conduct of Winkler, under the color of law is outrageous, notorious, malicious, malevolent , grossly

negligent and evil.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendants for their malicious, wanton, willful, evil motive and conduct as set forth in the Prayer for Relief.

## COUNT IX
## SEXUAL ASSAULT AND BATTERY
(Plaintiff v. Defendants )

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77.

79. Defendants named and unnamed employees / agents intentionally, unlawfully and without provocation, threatened to physically harm Plaintiff, a minor child, without his consent, causing significant and reasonable fear of physical and mental injuries.

80. Defendants Winkler and Defendants named and unnamed employees / agents intentionally, unlawfully and without provocation, harmfully struck and made an offensive touching of Plaintiff without her consent, sexually assaulted and raped Plaintiff causing significant physical and mental injuries, as well as verbally threatened Plaintiff with physical harm, and appeared to have the present ability to make good and carry out his threats of violence.

81. Defendants' conduct caused Plaintiff physical and emotional harm.

82. As a direct result and proximate result of Defendants' conduct, Plaintiff was caused to suffer $2,000,000 (two million dollars) in economic and non-economic damages.

WHEREFORE, Plaintiffs demand a monetary judgment, equitable relief, punitive damages, and other relief against Defendants as set forth in the Prayer for Relief.

## COUNT X
## CIVIL CONSPIRACY

(Plaintiff v. Defendants )

83. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82.

84. That Defendant Winkler assaulted, threatened and raped Plaintiff, while he falsely imprisoned her and had her immobilized in handcuffs.

85. That Defendants John /Jane Doe witnessed and/or knew of the assaults and rape and threats of violence against Plaintiff by Defendant Winkler, but failed to file any incident reports and/o help Plaintiff. Rather through their silence and cover up of Winkler's criminal conduct helped and/or assisted Defendant Winkler's , assaults and rapes and threats against Plaintiff and failed to give Plaintiff medical attention.

86. That there was an agreement amongst Defendants to not report the rape , assaults, and/or threats of Plaintiff and an agreement to cover up Defendant Winkler's assaults, rapes, and threats of Plaintiff, and not provide Plaintiff with help or medical attention.

87. That Defendants agreement to not report assaults, sexual assault, rape , and threats of violence and failure to provide Plaintiff with help or medical attention was in furtherance of an unlawful act, and contrary to their legal and moral, ethical duty to report incidents of assaults, threats of violence and abuse to the appropriate authorities and give Plaintiff appropriate medical attention, and assistance

88. Defendants agreement not to report assaults, sexual assault, rape , threats of violence by Defendants against Plaintiff and cover up the assaults, rapes and threats of violence, and failure to give Plaintiff medical attention was with the intent to cover up the assaults, rapes, and threats of violence against Plaintiff and to avoid reporting improper actions and out of the fear of prosecution or punishment. This agreement and conduct violates the laws of Maryland and Federal law.

89. Defendants' agreement and cover up directly and proximately caused Plaintiff to suffer emotional and physical harm and economic and non-economic damages.

90. Defendants knew or should have known of the pattern of conduct and history of assaults, and threats of violence against women , including Plaintiff, in the past and presently.

91. Defendants State of Maryland, Baltimore County, MD and/or Baltimore County Sheriff's Department through conscious ignorance had an implied agreement to cover up improper

behavior of staff and to allow the assault and rapes of people in their custody and control to go on without correction, so as to not endanger their status quo. This agreement, cover up and conduct put people like Plaintiff at risk of harm of abuse and assault by Defendants' employees and agents, and created an environment and atmosphere at Defendant's workplace , whereby employee / agent assaults and abuses of women , including Plaintiff, would be condoned, ignored, and/or unpunished, and was made and involved all named Defendant's herein.

92. Defendants agreement and cover up of rape , pattern /history of assaults by Defendants' agents and employees, directly and proximately caused Plaintiff to be at risk of harm and suffer physical and emotional harm and suffer economic and non-economic damages, and created an environment for this sort of violence and violations of civil rights to flourish.

93. Defendants and cover up of Defendant employee / agents pattern / history of assaults, rapes and threats of violence against women including Plaintiff was with the intent to allow criminal activity to continue in the State of Maryland and Baltimore County court system and Defendants conduct, agreement, and cover up of assaults, and rapes, was/is improper, illegal and violates State of MD and Federal law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray for a monetary judgment and other relief:

1. Award Plaintiff compensatory economic and non-economic damages in the sum of one hundred million dollars ($100,000,000)

2. Award Plaintiff the reasonable costs and reasonable attorney's fees in this action under 42 USC 1983.

3. Award Plaintiff punitive damages for the intentional, grossly negligent and highly malicious conduct described herein to punish and deter future evil acts of this sort.

4. And granting each Plaintiff such other and further relief as may be just and appropriate by the Court.

5. Award reasonable Attorney Fees as allowed specifically under 42 USC statue 1983.

Respectfully submitted,

/ S /

Loyd Byron Hopkins, Esquire

15

Attorney for the Plaintiff

Loyd B. Hopkins, P.C.
51 Monroe Place, Suite 707
Rockville, Maryland 20850
(301) 213-1593
Loydhopkinspc@hotmail.com
CPF 9412140063

**ATTACHMENT 25, PAGE 16 of 16**